# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TEDDY RANDALL MITCHELL,

      Plaintiff,

v.                                              CV 16-1072 WPL/KK

CNO FINANCIAL GROUP, INC.
d/b/a Bankers Life and Casualty, and
JEFFREY A. HAKES,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO AMEND

Plaintiff Teddy Mitchell, proceeding pro se, filed an opposed motion to amend the complaint (Doc. 33) and a memorandum purportedly pursuant to Federal Rule of Civil Procedure 19 justifying the joinder of Brad Davis as an additional pro se plaintiff (Doc. 34). Defendants filed a response on January 10, 2017 (Doc. 35), but Mitchell has filed neither a reply nor a notice of briefing complete. *See* D.N.M.LR-Civ. 7.4(e) ("Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number.") Mitchell wants to amend his complaint to include an additional pro se plaintiff, Davis, who also signed the proposed amended complaint, and to add additional facts. The Defendants oppose the motion because, they contend, Mitchell would be representing Davis and thus practicing law without a license, and because the motion lacks good cause. Having reviewed the motion and the relevant law, I grant in part and deny in part the motion to amend.

Mitchell's motion to amend is governed by Federal Rule of Civil Procedure 15(a).[1] After a responsive pleading has been served, a party may amend his pleadings only by leave of court or with written consent from the opposing party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* A court may refuse to grant leave to amend when the opposing party shows undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by previously granted amendments, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F. 3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

While Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court clarified this standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). While the *Twombly/Iqbal* standard does not require significantly heightened fact-pleading in a complaint, the standard is more than a minimal change from prior jurisprudence and is instead a middle ground. *Id.* at 1191.  Under this standard, to withstand a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "to state a claim for relief that is plausible on its face." *Id.* at 1190 (quoting *Twombly*, 550 U.S. at 670). A court must first identify those allegations in the complaint that are not entitled to the assumption of truth. *Id.* Thus, allegations which are legal conclusions, bare assertions, conclusory statements or "'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* at 1191 (quoting *Twombly*, 550 U.S. at 555). The court must then determine "whether the remaining, factual allegations plausibly suggest the defendant

---

[1] The scheduling order allowed Mitchell to file a motion to amend, pursuant to Rule 15(a)(2), no later than December 28, 2016. (Doc. 24.) This motion is timely filed.

is liable." *Id.* In determining whether a complaint states a plausible claim for relief, the court will consider the nature and specificity of the allegations based on the claims asserted in the case. *Id.*

Because Mitchell is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

As an initial matter, I note that the Plaintiffs assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 33 at 12.) It is immaterial whether Defendant Jeffrey Hakes is a citizen of New Mexico or of Indiana because the Plaintiffs bring federal claims. Thus, I exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Additionally, Plaintiffs appear to assert criminal claims, including a charge of federal tax evasion against Hakes. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and cannot base a claim for which relief can be granted on criminal statutes. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quotation omitted). No amount of factual amendment will convert these claims from criminal charges into a civil cause of action. To the extent that Plaintiffs attempt to assert criminal claims in this case, the motion to amend is denied.

There are three general categories of claims brought on behalf of both Plaintiffs in the proposed amended complaint: federal civil rights and employment claims, state employment claims, and common law claims. (*See generally* Doc. 33.) I address each in turn.

To prove a claim for deprivation of rights under 42 U.S.C. § 1983, Mitchell and Davis must show prove that 1) someone acting under color of law 2) deprived them of "any rights, privileges, or immunities secured by the Constitution and laws." The proposed amended complaint does not include an allegation of any action taken by any person who could be construed as acting under color of law. That is, no one purportedly acted with state authority. Because the proposed amended complaint lacks this critical element, it would not survive a motion to dismiss. Accordingly, the motion to amend is denied as to this claim.

Mitchell and Davis also attempt to bring a claim under 42 U.S.C. § 1981. Section 1981 prohibits "racial discrimination [and] retaliation against those who oppose it." *U. of Tex. S.W. Med. Ctr. v. Nassar*, --- U.S. ---, ---, 133 S. Ct. 2517, 2529 (2013) (citing *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 445 (2008)). To establish a claim under § 1981, Plaintiffs must show that they are 1) members of a racial minority; 2) that the defendants intended to discriminate on the basis of race; and 3) that the discrimination concerned an activity enumerated by the statute, such as the ability to make and enforce contracts, enjoy the full and equal benefit of the laws, etc. *Shawl v. Dillard's Inc.*, 17 F. App'x 908, 910-11 (10th Cir. 2001) (unpublished); *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). The Plaintiffs allege that they are both white men (Doc. 33 at 18) and are thus not members of a racial minority. Because the Plaintiffs do not allege the first element of a § 1981 claim, their claim fails as a matter of law. The motion to amend is thus denied as to this claim.

Next, Mitchell and Davis purport to bring gender or sex based discrimination claims under Title VII of the Civil Rights Act of 1964. (*See* Doc. 33 at 15.) I construe this as a claim brought under 42 U.S.C. § 2000e-5 for sex based discrimination of the disparate treatment type in violation of § 2000e-2 and discrimination for making charges of or opposing purportedly unlawful employment practices in violation of § 2000e-3.

As for claims pursuant to § 2000e-2, "[i]t is unlawful for employers to deprive an individual of employment opportunities based on his . . . sex." *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2012). When, as is generally the case, a plaintiff "cannot produce direct evidence of discrimination, . . . the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 . . . (1972), applies." *Id.* The plaintiff bears the burden of establishing a prima facie case of discrimination by showing 1) membership in a protected class, 2) an adverse employment action, and 3) that the adverse employment action took place under circumstances giving rise to an inference of discrimination. *Id.* (citing *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007)). The burden then shifts to the employer to assert a legitimate, nondiscriminatory reason for its actions. *Id.* If such a showing is made, the burden shifts back to the plaintiff to produce evidence that the stated nondiscriminatory reason is mere pretext for discriminatory animus. *Id.*

At this stage, however, the question is whether the proposed amended complaint presents sufficient factual allegations to establish a prima facie case of discrimination. Mitchell and Davis, both men, allege that they were treated differently than a similarly situated female employee. Mitchell alleges that the female employee was held to a lower standard, was given preferential treatment in her schedule, was not required to follow the same licensing requirements, was given preferential treatment in terms of "leads" and travel reimbursement, and

5

was given a more favorable compensation package. (Doc. 33 at 14-18.) Davis alleges that the female employee was not required to follow the same licensing requirements, was given a more favorable compensation package, was given preferential treatment in her schedule, and was given preferential treatment in terms of "leads" and travel reimbursement. (*Id.* at 16-18.) The adverse employment action, allegedly, is that Plaintiffs were not given the same opportunity to make as much money as the female employee and that Mitchell was either forced to quit or was fired.

The Defendants do not address the merits of the amended complaint in their response to the motion to amend, and thus have offered no reason to conclude that this rather meager factual predicate is insufficient to sustain the motion to amend as to the Plaintiffs' claims under 42 U.S.C. § 2000e-2. As to these claims, the motion to amend is granted.

Section 2000e-3 prohibits employers from discriminating against or retaliating against employees for, among other things, reporting unlawful employment practices. 42 U.S.C. § 2000e-3. To establish a retaliation claim under this section, each Plaintiff must show that "(1) []he engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) []he suffered an adverse employment action contemporaneous with or subsequent to such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1381 (10th Cir. 1994).

Mitchell alleges that he was ultimately discharged or forced to quit after filing multiple notices, complaints, or grievances about the disparate treatment between himself and the female employee. This seems to meet the basic factual predicate for a prima facie case of retaliation. However, there is no mention anywhere in the amended complaint of an adverse employment

action against Davis that resulted from his protected Title VII activity of reporting or complaining about gender discrimination. Because Davis does not allege an adverse employment action, he has not met the elements of a retaliation claim. The motion to amend is therefore granted as to Mitchell's retaliation claim and denied as to Davis's retaliation claim.

The Plaintiffs also purport to bring state law claims in the amended complaint.

Mitchell alleges that he was not paid his final check, made a demand within hours or days of his departure from employment, and still has not been paid. (Doc. 33 at 22-23.) There are no similar claims laid out for Davis. Indeed, in the "Damages Table," the "Pay Roll Not Paid" column for Davis reads "$0.00." (Doc. 33 at 13.) Section 50-4-4 of the New Mexico Statutes states that "[w]henever an employer discharges an employee, the unpaid wages or compensation of such employee, if a fixed and definite amount, and not based on a task, piece, commission basis or other method of calculation, shall, upon demand become due immediately, and the employer shall pay such wages to the employee within five days of such discharge." NMSA § 50-4-4(A). Subsection (C) of the statute allows an employee to bring a civil action if subsection (A) is violated. While it is unclear whether Mitchell resigned or was discharged, that is a matter to be hashed out further in the process. To the extent that the motion to amend seeks to include a claim under § 50-4-4 for Mitchell, the motion to amend is granted. To the extent it seeks to include such a claim for Davis, the motion to amend is denied.

The Plaintiffs appear to bring claims pursuant to NMSA § 50-4-5, which fixes the time for final wage payments when an employee, who does not have a written contract, quits or resigns. Section 50-4-5 does not expressly give employees a private cause of action if their wages are not paid in accordance with the statute. Additionally, Plaintiffs do not argue that they quit employment, but appear to contend that they were discharged. Under the circumstances, I do

7

not see sufficient factual or legal contention to sustain a claim under § 50-4-5. To the extent that the Plaintiffs attempt to bring such claims in the proposed amended complaint, the motion to amend is denied.

Plaintiffs also allege that they were fraudulently induced into employment with the Defendants because Hakes told the Plaintiffs that they would earn six figure salaries, work easy hours, and have flexible schedules. The Defendants do not raise any defense or argument against allowing this claim to proceed. I find that Plaintiffs have presented sufficient factual information to allow the employment fraud-in-the-inducement claims to go forward. The motion to amend is granted as to this claim.

As discussed above, the motion to amend is granted in part and denied in part. The remaining claims are as follows: Mitchell retains claims under 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3, NMSA § 50-4-4, and common law employment fraud; Davis retains claims under 42 U.S.C. § 2000e-2 and common law employment fraud. Plaintiffs must file an amended complaint including only the claims approved herein within ten days of the entry of this Order.

As Mitchell does not appear to be an attorney, I remind him that he may neither represent nor sign on behalf of anyone else. 28 U.S.C. § 1654 ("non-attorney pro se litigants cannot represent other pro se parties"). This also means that Mitchell may not draft the section of the amended complaint that deals with Davis's claims, and may not advise Davis on this process. While Mitchell or Davis may join in the other's pleading, they must represent themselves individually. Failure to comply with this requirement may result in filings being struck for being improper, in Rule 11 sanctions on the basis of practicing law without a license, or in other sanctions appropriate under the circumstances. Mitchell and Davis are explicitly put on notice that the unauthorized practice of law will not be tolerated.

Additionally, I remind Mitchell and Davis that while they are privileged to proceed pro se in this case, they may also consider retaining counsel. Mitchell has already violated the Federal Rules of Civil Procedure and the Local Rules. (*See, e.g.*, Doc. 57 (failure to comply with Federal Rule of Civil Procedure 26(a)); Doc. 58 (failure to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(a)); and Doc. 66 (failure to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(a)).) There is only one set of rules applicable to this case, and they apply equally to parties represented by counsel and those that proceed pro se. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Continued failure to comply with the Rules may result in adverse rulings or other consequences of noncompliance.

It is so ordered.

William P. Lynch
United States Magistrate Judge